UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN CUMMINGS, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-8633** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION "A" (3)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand. Rec. Doc. 6. Defendants filed an Opposition. Rec. Doc. 9. The matter came for hearing without oral argument and was submitted on the briefs. For the following reasons, the Motion is **GRANTED.**

**I.   BACKGROUND**

Plaintiffs are Louisiana citizens whose property located in New Orleans, Louisiana was damaged during Hurricane Katrina. Plaintiffs filed suit in the Civil District Court, Parish of Orleans against their insurers, the agents that procured their insurance coverage, and the agents' Errors and Omissions insurer. *See* Exhibit "1" attached to Rec. Doc. 1. Plaintiffs' state court Petition for Damages alleges that the Allstate Defendants, Allstate Insurance Company and Allstate Indemnity Company, are Illinois citizens. The agent Defendants and their insurer are all alleged to be citizens of Louisiana. *See* Exhibit "1" attached to Rec. Doc. 1. On November 14, 2007, the Allstate Defendants removed the action to this Court. The Allstate Defendants assert that the presence of the agent Defendants and their insurer do not defeat diversity because they are fraudulently joined. Rec. Doc. 1.

Plaintiffs filed the instant Motion arguing that the matter should be remanded to state court because complete diversity is lacking. Rec. Doc. 6 at p. 6. Plaintiffs contend that the agent Defendants are not fraudulently joined because Defendants have failed to meet their burden in showing that Plaintiffs have no possibility of recovery on its claims against the agent Defendants

when viewing the facts in a light most favorable to them. Rec. Doc. 6 at p. 10-13. Additionally, Plaintiffs request the Court order Defendants to pay the costs and expenses, including attorney's fees incurred with bringing the Motion pursuant to 28 U.S.C. § 1447(c).

The Allstate Defendants counter that the agent Defendants are improperly joined because the claims against them are preempted under LSA-R.S. 9:5606 and further, fail substantively. Rec. Doc. 9 . Thus, the Allstate entities request that the Motion be denied.

## II.  LAW AND ANALYSIS

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.,* 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id*. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir.1988)).

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. *Ross v. Citifinancial, Inc*., 344 F.3d 458, 462 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. *See id.* at 462-63. Rather, the court may "pierce

the pleadings" and consider summary judgment-type evidence. *Id*. at 463 (citing *Travis,* 326 F.3d at 648-49).

LSA-R.S. § 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

LSA-R.S. § 9:5606(A). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

*Id.* § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing *Coffey v. Block,* 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiffs allege that they contracted with the agent Defendants for them to procure an All Risk policy to cover both wind and storm damage and that the agent Defendants placed this coverage with Allstate in 2000. Plaintiffs also allege that the coverage was renewed from year to year and that all premiums were timely paid. Plaintiffs also allege that because they paid all premiums, including of the 2005 year, that they believed a renewal policy providing coverage to their building was properly in place insuring the building against wind and storm damage on August

3

29, 2005. *See* Exhibit State Court Petition attached as Exhibit "1" to Rec. Doc. 1 at paragraphs V, VI. Although not alleged in the Petition for Damages, Plaintiffs' Memorandum in Support of Remand asserts that plaintiffs relied upon their agent over the years to inform them of available insurance options, to ensure that their properties were adequately protected and to remit the premium upon receipt. Rec. Doc. 6 at p. 7.

In May 2006, Plaintiffs discovered roof damage to the property and contacted their agent to make a claim. *Id* at paragraph XII. The agent Defendants are alleged to have "led Plaintiffs to believe that there was coverage in place" for the roof loss. Specifically, it is alleged that the agent Defendants faxed a confirmation of coverage to Plaintiffs on November 21, 2006 but noted that they could not file the claim until the Declaration Sheets were located. *Id* at paragraph XIII. It was not until after this November 2006, notice from the agent Defendants that Plaintiffs found out that the agent Defendants may not have obtained the renewal coverage when they received a denial of the claim by Allstate for lack of premium payment. *Id* at paragraph XIV. Plaintiffs filed suit on August 28, 2007, within one year of the denial by Allstate. Plaintiffs' assert that the agent Defendants failed to remit payment, failed to procure the replacement coverage and failed to inform Plaintiffs that they did not have coverage. Plaintiffs allege they did not know of any of these failures to act by the agent Defendants until November 2006. Rec. Doc. 6 at p. 8. Thus, they allege they timely filed suit within one year of learning of the agents' failure to act.

The Allstate Defendants counter that the facts alleged demonstrate that the Plaintiffs should have known about the agent Defendants' failure to renew their policy at the latest, on it renewal date prior to August 29, 2005, because Plaintiffs are presumed to have read and know the coverages of their insurance policy. Rec. Doc. 9 at p. 4. Thus, the filing of this action on August 29, 2007, is

untimely under the statute as they knew or should have known on their annual renewal date prior to August 29, 2005, that they were not covered.  Additionally, the Allstate Defendants argue that Plaintiffs fail to allege any pre-loss representations by the agent Defendants and that the November 2006, post-loss communications are irrelevant.  Rec. Doc. 9 at p. 4.

Under the facts as established by the current record, the Court cannot conclude with certainty that Plaintiffs knew or should have known prior to November 2006, that the agent Defendants failed to renew their coverage.  Plaintiffs allege that they relied upon their agent to renew their policy and that they paid premiums for the renewal each time.  They further allege that they and apparently their agents, believed as of November 2006 that they had coverage.  While Louisiana law provides that an insured is generally responsible for reading his policy and is presumed to know its provisions, *Dobson v. Allstate Ins. Co.*, No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.) (citing *Motors Ins. Co. v. Bud's Boat Rental,* 917 F.2d 199, 205 (5th Cir. 1990); *Stephens v. Audubon Ins. Co.*, 665 So. 2d 683, 686 (La. App. Ct. 1996)), the Court cannot decipher from the record before it whether or not the Plaintiffs received that renewal or when they received it.  Based upon the record currently before it, the Court cannot conclude with certainty that any claim that Plaintiffs may have had against the agent Defendants is clearly perempted.  It is unclear when Plaintiffs' policy was renewed prior to Hurricane Katrina and there are many issues of fact relating to whether or not the Plaintiffs knew or should have known prior to November 2006, that the agent Defendants failed to renew their insurance with Allstate.  In sum, Defendant has not negated the possibility that the claims against the agent Defendants are timely. Because the removing Defendants have not met their burden in demonstrating that the agent Defendants are fraudulently joined, the matter is remanded to state court as the parties lack complete diversity of citizenship.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Remand, Rec. Doc. 6, is **GRANTED** and this matter is hereby remanded to state court.

New Orleans, Louisiana, 16th day of April, 2008.

_____
**JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE**